1
2
3
4
5

6
7

8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10                 July 2021 Grand Jury

11 | UNITED STATES OF AMERICA,    | Case No. '21 CR2960 JAH
12 |     Plaintiff,               | I N D I C T M E N T
13 |     v.                       | Title 21, U.S.C., Secs. 959, 960
14 | WUENDI YURIDIA               | and 963 – International Conspiracy
15 |   VALENZUELA VALENZUELA (1), | to Distribute Cocaine; Title 21,
   |                              | U.S.C., Secs. 952, 960 and 963 –
   |                              | Conspiracy to Import Cocaine;
16 |                         (2), | Title 21, U.S.C., Secs. 841(a)(1)
   |                         (3), | and 846 – Conspiracy to Distribute
17 |                              | Cocaine; Title 18, U.S.C.,
   |                              | Secs. 1956(a)(2)(A),
18 |                         (4), | 1956(a)(2)(B)(i), and 1956(h) –
   |                         (5), | Conspiracy to Launder Monetary
19 |                         (6), | Instruments; Title 18, U.S.C.,
   |                         (7), | Secs. 371 and 554, Title 22,
20 |                              | U.S.C., Sec. 2778; Title 22,
   |                              | C.F.R. Secs. 121.1, 123.1,
   |                         (8), | 127.1(a)(4) – Conspiracy to Commit
21 |                         (9), | Offenses Against the United
   |                        (10), | States; Title 21, U.S.C.,
22 | JESUS VINICIO ROCHA MARTINEZ (11), | Sec. 853, Title 18, U.S.C.,
   | BRAYAN ALBERTO               | Secs. 982 and 981(a)(1)(C), and
23 |   RODRIGUEZ ALCALA (12),     | Title 28, U.S.C., Sec. 2461(c) –
   |                              | Criminal Forfeiture
24 |                         (13),
25 | JESUS MANUEL GARCIA OCHOA (14),
26 |                         (15),
   |                         (16),
27 |                         (17),
   |                         (18),
28 | KEITH OCTAVIO
       PADILLA RODRIGUEZ (19),

MJS:nlv:San Diego:10/19/21

| | |
|---|---|
| 1 | ███████████████ (20), |
| 2 | ███████████████ (21), |
| 3 | ███████████████ (22), |
| 4 | HECTOR MANUEL OSUNA PEREZ (23), |
| 5 | ███████████████ (24), |
|   | ALFREDO LOMAS NAVARRETE (25), |
| 6 | ███████████████ (26), |
| 7 | ███████████████ (27), |
| 8 | ███████████████ (28), |
| 9 | JAVIER ALBERTO ACOSTA (29), |
|   | ███████████████ (30), |
| 10 | |
| 11 | Defendants. |

The grand jury charges:

Count 1

Beginning at a date unknown to the grand jury and continuing up to the date of this indictment, within the Southern District of California, the country of Mexico, and elsewhere, defendants ████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ BRAYAN ALBERTO RODRIGUEZ ALCALA, ████ and ████████████████████ who will first enter the United States within the Southern District of California, did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury, to distribute and cause the distribution of a controlled substance, to wit: 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, intending, knowing and having reasonable cause to believe that such cocaine, would be unlawfully

2

imported into the United States; all in violation of Title 21, United States Code, Sections 959, 960, and 963.

## Count 2

Beginning at a date unknown to the grand jury and continuing up to the date of this indictment, within the Southern District of California, and elsewhere, defendants WUENDI YURIDIA VALENZUELA VALENZUELA, ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████, ███████████ ██████████, ███████████████, JESUS VINICIO ROCHA MARTINEZ, BRAYAN ALBERTO RODRIGUEZ ALCALA, ██████ █, JESUS MANUEL GARCIA OCHOA, ███████████████, ██ ████████, ███████████, ███████████, KEITH OCTAVIO PADILLA RODRIGUEZ, █████████████████, ██ ██████████████, ███████████████████████████, HECTOR MANUEL OSUNA PEREZ, ████████████, ALFREDO LOMAS NAVARRETE, ███████████████████████████████████, ██ █████████, JAVIER ALBERTO ACOSTA, and ███████████, did knowingly and intentionally conspire with each other and with other persons, known and unknown to the grand jury, to import a controlled substance, to wit: 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; into the United States from a place outside thereof; in violation of Title 21, United States Code, Sections 952, 960, and 963.

## Count 3

Beginning on a date unknown to the grand jury and continuing up to the date of this indictment, within the Southern District of California and elsewhere, defendants WUENDI YURIDIA VALENZUELA VALENZUELA, █

| 1 | ███████████████████████, ███████████████ |
|---|---|
| 2 | ███████████████████, ███████████████ |
| 3 | ███████████, █████████████████████████, |
| 4 | ██████, ████████████████, ████████████, JESUS VINICIO |

ROCHA MARTINEZ, BRAYAN ALBERTO RODRIGUEZ ALCALA, ████████████████
████, JESUS MANUEL GARCIA OCHOA, ███████████████████████ ████
████████, █████████████████, █████████████, KEITH
OCTAVIO PADILLA RODRIGUEZ, ████████████████████████, ███
████████████████, █████████████████████████████
HECTOR MANUEL OSUNA PEREZ, █████████████, ALFREDO LOMAS NAVARRETE,
█████████████████████████████████████, ███
█████████, JAVIER ALBERTO ACOSTA, and █████████████████
did knowingly and intentionally conspire together and with each other
and with other persons known and unknown to the grand jury, to distribute
5 kilograms and more of a mixture and substance containing a detectable
amount of cocaine, a Schedule II Controlled Substance; in violation of
Title 21, United States Code, Sections 841(a)(1) and 846.

### Count 4

Beginning on a date unknown to the grand jury and continuing up to
the date of this indictment, within the Southern District of California
and elsewhere, defendants WUENDI YURIDIA VALENZUELA VALENZUELA, ███
████████████████████████████████████████████, ███
███████████████████████████████████████, ████
████████████, █████████████████, █████████, JESUS VINICIO
ROCHA MARTINEZ, BRAYAN ALBERTO RODRIGUEZ ALCALA, ████████
████, JESUS MANUEL GARCIA OCHOA, ███████████████████████, ███
█████████████, █████████████, █████████████, ███

4

1 | ███████████████, ███████████████████████████████,
2 | █████████████████████████, HECTOR MANUEL OSUNA PEREZ, ████
3 | ███, █████████████████████████, █████████████████████████,
4 | ████████████████, JAVIER ALBERTO ACOSTA, and ████████████████
5 | █████ did knowingly and intentionally conspire and agree with each
6 other and with other persons, known and unknown to the Grand Jury:

    a. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, the felonious importation and distribution of controlled substances punishable under Title 21, United States Code, Chapter 13, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

    b. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious importation and distribution of controlled substances punishable under Title 21, United States Code, Chapter 13, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

//
//

Count 5

Beginning on a date unknown to the grand jury and continuing up to the date of this indictment, within the Southern District of California and elsewhere, defendants KEITH OCTAVIO PADILLA RODRIGUEZ and ALFREDO LOMAS NAVARRETE, together with others known and unknown to the Grand Jury, conspired and agreed with each other to commit the following offense against the United States: Smuggling Goods from the United States in violation of Title 18, United States Code, Section 554: that is fraudulently and knowingly attempting to export from the United States any merchandise, article, or object contrary to any law or regulation of the United States, and received, concealed, bought, sold or in any manner facilitated the transportation, concealment, or sale of such merchandise prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778 and Title 22, C.F.R., Sections 121.1, 123.1.

PURPOSE OF THE CONSPIRACY

The purpose of this conspiracy was to commit and assist in the commission of the unlawful export of firearms and ammunition from the United States to Mexico on behalf of a transnational criminal organization.

MEANS AND METHODS OF THE CONSPIRACY

The means and methods employed by the defendants and their co-conspirators to carry out the conspiracy and effect its unlawful objects are as follows:

It was part of the conspiracy that the defendants and/or their co-conspirators would obtain firearms and ammunition in the United States, including in the Southern District of California.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would provide the funds, instructions, and means of transportation and concealment to facilitate the purchase of these firearms and ammunition.

It was a further part of the conspiracy that the defendants and/or their co-conspirators would transport these firearms and ammunition within the United States, including in the Southern District of California, with the knowledge that the firearms and ammunition were ultimately intended to be transported from the United States into the Republic of Mexico and/or transport the firearms and ammunition from the United States into the Republic of Mexico.

It was a further part of the conspiracy that the defendants and/or their co-conspirators did not have any valid license or other authority to export the firearms and ammunition from the United States into the Republic of Mexico.

## OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants KEITH OCTAVIO PADILLA RODRIGUEZ and ALFREDO LOMAS NAVARRETE, and others known and unknown to the Grand Jury, committed various overt acts within the Southern District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: On or about September 3, 2020, KEITH OCTAVIO PADILLA RODRIGUEZ, obtained approximately 20,000 rounds of .50 caliber ammunition from Tactical Manufacturing Inc. in Warren, Oregon.

Overt Act: No. 2: On or about November 20, 2020, co-conspirators loaded the approximately 20,000 rounds of .50 caliber ammunition into a

tractor trailer for exportation to Mexico at a truck yard located in Otay Mesa, California.

Overt Act: No. 3: On or about March 27, 2020, ALFREDO LOMAS NAVARRETE communicated with JESUS IVAN RIOS VELAZQUEZ regarding the purchase of firearms for the organization that would be delivered in Tijuana, Mexico.

Overt Act: No. 4: On or about April 20, 2020, ALFREDO LOMAS NAVARRETE communicated with JESUS IVAN RIOS VELAZQUEZ regarding the delivery of firearms in San Diego, California for the organization that were intended for delivery in the Republic of Mexico.

All in violation of Title 18, United States Code, Sections 371 and 554.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 5 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the felony offenses alleged in Counts 1 through 3 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendants WUENDI YURIDIA VALENZUELA VALENZUELA, , JESUS VINICIO ROCHA MARTINEZ, BRAYAN ALBERTO RODRIGUEZ ALCALA, , JESUS

8

MANUEL GARCIA OCHOA, ███████████████, ███████████████, ███████████████, ███████████████, KEITH OCTAVIO PADILLA RODRIGUEZ, ███████████████, ███████████████, █, ███████████████, HECTOR MANUEL OSUNA PEREZ, ███████████████, ALFREDO LOMAS NAVARRETE, ███████████████, and ███████████████, shall forfeit to the United States all their rights, title and interest in any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations.

3. Upon conviction of the offense alleged in Count 4 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), defendants WUENDI YURIDIA VALENZUELA VALENZUELA, ███████████████, ███████████████, ███████████████, ███████████████, JESUS VINICIO ROCHA MARTINEZ, BRAYAN ALBERTO RODRIGUEZ ALCALA, ███████████████, JESUS MANUEL GARCIA OCHOA, ███████████████, ███████████████, ███████████████, ███████████████, HECTOR MANUEL OSUNA PEREZ, ███████████████, and ███████████████, shall forfeit to the United States, all property, real and personal, involved in such offense, and all property traceable to such property.

1    4.   Upon conviction of the offense set forth in Count 5 and pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 22, United States Code, Section 401, defendants KEITH OCTAVIO PADILLA RODRIGUEZ and ALFREDO LOMAS NAVARRETE shall forfeit to the United States all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense charged in Count 5; and any arms or munitions of war or other articles exported or shipped in violation of law and any vessel, vehicle, or aircraft containing the same which has been used in exporting or attempting to export such arms or munitions of war or other articles.  Additionally, any defendant so convicted shall forfeit any commodity (other than arms or munitions of war) or technology which was intended to or was exported in violation of laws, and any vessel, vehicle, or aircraft containing the same or which has been used in exporting or attempting to export such articles.

    7.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;
    b.   has been transferred or sold to, or deposited with, a third party;
    c.   has been placed beyond the jurisdiction of the Court;
    d.   has been substantially diminished in value; or
    e.   has been commingled with other property which cannot be subdivided without difficulty;

//
//
//

10

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 982, Title 18, United States Code Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: October 19, 2021.

RANDY S. GROSSMAN
Acting United States Attorney

By: _____
MATTHEW J. SUTTON
Assistant U.S. Attorney

By: _____
MIKAELA L. WEBER
Assistant U.S. Attorney